Clyde Ura CAIN, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0278–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 20, 1986.

Will Gray, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., James C. Brough, Charles Rosenthal, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

EVANS, Chief Justice.

A jury found the appellant guilty of possessing a machine gun, enhanced by one prior conviction for negligent homicide, and assessed punishment at 45 years confinement. We affirm.

The appellant does not challenge the sufficiency of the evidence to support the conviction. His sole complaint relates to the evidence presented at the punishment hearing and the validity of the Louisiana conviction used to enhance punishment.

As evidence of the prior conviction, the State introduced copies of the Louisiana indictment, judgment, and sentence authenticated by the Supervisor of Criminal Records for Jefferson Parish, Louisiana. The record in that case shows that the appellant was originally indicted for first degree murder and that the charge was amended to negligent homicide when the appellant changed his plea to guilty. The Louisiana court then sentenced appellant to serve 2½ years in the Jefferson Parish Prison. The Assistant District Attorney of

Jefferson Parish, who had served in that capacity for 10½ years, testified that he prosecuted the appellant for the negligent homicide offense and that this offense constituted a felony under Louisiana law.

In his first and second points of error, the appellant contends that the State failed to prove that the Louisiana conviction was a felony and that the court erred in allowing the conviction to be used for purposes of enhancement.

It is well-settled that a conviction in another state can be used to enhance punishment in a felony case if the crime constituted a felony in Texas. *Acosta v. State,* 650 S.W.2d 827, 829 (Tex.Crim.App.1983); *Ex parte Auten,* 447 S.W.2d 159 (Tex.Crim. App.1969). Under Texas law, a felony is defined as "an offense so designated by law or punishable by death or confinement in a penitentiary." Tex.Penal Code Ann. sec. 1.07(a)(14) (Vernon 1974).

The appellant argues that he was not convicted of a felony in Louisiana because Texas law, Tex.Penal Code Ann. sec. 19.-07(b) (Vernon 1974), classifies negligent homicide as a Class A misdemeanor. He argues that in the absence of proof to the contrary, the laws of Louisiana must be considered the same as Texas. *See Almand v. State,* 536 S.W.2d 377 (Tex.Crim. App.1976).

The appellant's argument overlooks the length of the appellant's sentence imposed by the Louisiana court. The record conclusively shows that the appellant was sentenced by the Louisiana court to 2½ years confinement, which would fall within the range of a third degree felony under Texas law. Tex.Penal Code Ann. sec. 12.34(a) (Vernon 1974). The maximum punishment in Texas for a Class A misdemeanor is one year in jail. Tex.Penal Code Ann. sec. 12.-21(2) (Vernon 1974).

The appellant also contends that the Louisiana conviction cannot be considered a felony because he was not incarcerated in a penitentiary as punishment for his crime. He argues that a parish prison in Louisiana is the equivalent of a county jail in Texas, and therefore, negligent homicide in Louisi-ana should be considered only a misdemeanor.

■ A Texas appellate court may take judicial notice of the laws of another state. *See* Tex.R.App.P. 202; *see also Ex parte Mason,* 656 S.W.2d 470 (Tex.Crim.App. 1983). Under Louisiana law, a felony is defined as an "offense that may be punished by death or imprisonment *at hard labor.*" La.Code Crim.P.Ann. art. 933(3) (West 1984) (emphasis added). Unlike the Texas statute, Louisiana law does not require that a felony offender be punished by confinement in a penitentiary.

The Louisiana negligent homicide statute provides for a punishment range of not more than 5 years "with or without hard labor" and a fine of not more than $5,000, or both. La.Rev.Stat.Ann. art. 14, sec. 32 (West 1986). Thus, under the provisions of this statute, the crime of negligent homicide, when punished by confinement at hard labor, would be a felony offense.

■ We conclude that the Louisiana statute does not distinguish felonies from misdemeanors based upon the institution where confinement is ordered. This makes classification of enhancement convictions more difficult. *See* Tex.Penal Code Ann. sec. 12.41 practice commentary (Vernon 1974). But in view of the obvious intendment of the Louisiana statute, which is supported by the testimony of the Louisiana prosecuting attorney, we hold that the appellant was convicted of a felony offense under Louisiana law. We, therefore, overrule appellant's first and second points of error.

We also overrule the appellant's third and fourth points of error, in which he contends that the trial court erred in allowing the Louisiana conviction to be used for purposes of enhancement, because the conviction was based on a charging instrument that had been amended as a matter of substance.

The Louisiana records show that the appellant was indicted by a grand jury in 1977 for first degree murder. In 1980, the

indictment was amended to read "did negligently kill," and the appellant then changed his plea from not guilty to guilty and was convicted of the offense of negligent homicide. The appellant contends that because the laws of Louisiana are presumed to be the same as that of Texas, the amendment was void, because a matter of substance could not be amended at that time under Texas law. *See* Tex.Code Crim. P.Ann. art. 28.10. (Vernon 1966 and Supp. 1986).

Under La.Code Crim.P.Ann. art. 487(B) (West 1985), the prosecuting attorney has the power to amend grand jury indictments, both as to form and as to substance, any time prior to trial. This statute specifically provides that when a defendant enters a plea of guilty to a crime not charged by the indictment, the district attorney can amend the indictment to charge the crime to which the plea is offered.

The fact that another state has a different practice of charging an accused does not, in itself, void the conviction for enhancement purposes. *Brooks v. State*, 642 S.W.2d 791, 797–98 (Tex.Crim.App.1982). The amended indictment is not void under Louisiana law.

The judgment of the trial court is affirmed.