In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00124-CR


______________________________




MICHAEL J. FRISCHENMEYER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 94-F-172




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Memorandum Opinion by Chief Justice Morriss



__________________________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION



 Michael J. Frischenmeyer, pro se, (1) appeals from the denial of his motion for DNA testing on
a check. In the underlying case, based on his plea of no contest, Frischenmeyer was sentenced on
February 7, 1995, to a charge of theft by check. The present case arises from his motion to obtain
DNA testing of the check. 

 On December 7, 2002, Frischenmeyer filed a pro se motion, supported by affidavit, for
forensic DNA testing of the check for biological evidence. See Tex. Code Crim. Proc. Ann. arts.
64.01-.05 (Vernon Supp. 2003). Frischenmeyer argued testing would show that none of his DNA
was on the check, thus showing he was innocent of the crime. The trial court appointed counsel to
represent Frischenmeyer after the motion was filed. See Tex. Code Crim. Proc. Ann. art. 64.01(c). 
After the State filed its written response to the motion for DNA testing, the trial court considered the
arguments of counsel for both parties and denied the motion.

 On appeal, Frischenmeyer mentions a number of complaints, including a series of complaints
about the sufficiency of the evidence to support the underlying conviction. The only two contentions
of error properly raised before this Court are his complaints that the trial court erred by denying his
request for DNA testing and that his counsel was constitutionally ineffective in pursuing that remedy. 


DNA Testing

 An applicant, in order to obtain forensic DNA testing, must establish by a preponderance of
evidence that a reasonable probability exists he or she would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing. See Tex. Code Crim. Proc. Ann.
art. 64.03(a)(2)(A). The Texas Court of Criminal Appeals has interpreted this to mean that an
applicant must show "a reasonable probability exists that exculpatory DNA tests will prove [his]
innocence." Kutzner v. State, 75 S.W.3d 427, 438 (Tex. Crim. App. 2002); see Thompson v. State,
95 S.W.3d 469, 472 (Tex. App.-Houston [1st Dist.] 2002, no pet. h.). In line with this reasoning, 
Bell v. State, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002), explained that the statute requires that
"identity 'was or is' an issue, not that future DNA testing could raise the issue." See Tex. Code
Crim. Proc. Ann. art. 64.03(a)(1)(B). Article 64.03(a)(1)(A) also requires, as an obvious precursor,
that the court find the evidence still exists and is in a condition making DNA testing possible.

 Frischenmeyer pled no contest. Therefore, identity was not an issue in the 1995 conviction. 
The State's response states that the check cannot be found. Even if the check were available for
testing, there is also evidence by affidavit that the likelihood of finding uncontaminated DNA is
remote, because a check by its nature is handled by a number of persons, and it would be unlikely
in the best of circumstances to obtain identifiable DNA from a check. Finally, even if DNA testing
were done and determined the absence of Frischenmeyer's DNA on it, that would not prove his
innocence. Therefore, the information provided to the trial court shows that findings required by two
separate sections of the statute cannot be made. 

 Frischenmeyer also complains the trial court declined to bench warrant him to Cass County
so he could attend a hearing on his motion. The Texas Court of Criminal Appeals has held,
however, that "nothing in Article 64.03 requires a hearing of any sort concerning the trial court's
determination of whether a defendant is entitled to DNA testing." Rivera v. State, 89 S.W.3d 55,
58-59 (Tex. Crim. App. 2002); Griggs v. State, 99 S.W.3d 718, 721 (Tex. App.-Houston [1st Dist.]
2003, no pet. h.). 

 Based on the information provided, we cannot conclude the trial court erred by denying the
motion for DNA testing.

Assistance of Counsel

 Frischenmeyer also contends he received ineffective assistance of counsel during this
proceeding at the trial level. The first question is whether he may raise this contention in this type
of proceeding. That matter has not been addressed directly by the Texas Court of Criminal Appeals,
but the question has been answered by several of our sister courts. 

 A prisoner has no Sixth Amendment right to counsel when mounting a collateral attack on
his or her conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Similarly, the Texas
Constitution provides no right to counsel in a post-conviction collateral attack. Ex parte Mines, 26
S.W.3d 910, 913 (Tex. Crim. App. 2000). Therefore, a prisoner cannot claim constitutionally
ineffective assistance of counsel in such a proceeding. Coleman v. Thompson, 501 U.S. 722, 752
(1991); Ex parte Graves, 70 S.W.3d 103, 113 (Tex. Crim. App. 2002). Further, a legislative
decision to provide appointed counsel for a prisoner mounting a post-conviction collateral attack
does not trigger a constitutional right to effective representation in that proceeding. Finley, 481 U.S.
at 559; In re Goff, 250 F.3d 273, 275 (5th Cir. 2001); Graves, 70 S.W.3d at 112-13.

 These holdings were made in the context of post-conviction habeas corpus proceedings. 
Their reasoning is equally applicable to a post-conviction request for forensic DNA testing under
Chapter 64, which is merely another form of collateral attack. In re Beasley, No. 03-02-00530-CR,
2003 WL 1922782 (Tex. App.-Austin Apr. 24, 2003, no pet. h.); Morris v. State, No. 11-02-00143-CR, 2003 WL 1883559 (Tex. App.-Eastland Apr. 17, 2003, no pet. h.).

 We affirm.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 24, 2003

Date Decided: May 16, 2003


Do Not Publish
1. Frischenmeyer repeatedly requested during the pendency of this appeal that his appointed
counsel be removed from the appeal so he could file his own brief. We granted his motion. 
Frischenmeyer is pro se in this appeal. 



tion. See
U.S. Const. amends. V, XIV; Tex. Const. art. I, §§ 13, 19. Tucker's argument is essentially an
Equal Protection Clause argument based on discrimination due to alienage. 
            Tucker's prior convictions occurred under Missouri law for "burglary in the second degree,"
which provides that a "person commits the crime of burglary in the second degree if he knowingly
enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the
purpose of committing a crime therein." Mo. Rev. Stat. § 569.170 (West 2003). Although
Missouri does not distinguish between "burglary of a habitation" and "burglary of a building," the
Texas Penal Code does. Compare Tex. Pen. Code Ann. § 30.02 (Vernon 2003) with Mo. Rev.
Stat. § 569.160 (West 2004), § 569.170. Tucker argues that, because his prior offenses could have
been for "burglary of a building," which under current Texas law would be a state jail felony, he is
subject to more severe punishment than if the crimes had been committed in Texas. The record
contains no evidence of whether the prior convictions involved burglary of a habitation or burglary
of a building. If the prior convictions had only been state jail felonies, Tucker's sentence would have
only been enhanced to a third degree felony, rather than a second degree felony. See Campbell v.
State, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001). Tucker argues that, because his prior
convictions are from a foreign state, the punishment is harsher than if the prior convictions had been
in Texas.
            In order to challenge the constitutionality of a statute, a defendant must show that the statute
is being unconstitutionally applied to him or her. Cantu v. State, 939 S.W.2d 627, 643 (Tex. Crim.
App. 1997). Tucker's prior convictions for burglary occurred January 24, 1992, and March 23,
1988. State jail felonies did not exist in Texas until September 1, 1994. See Act of May 29, 1993,
73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3603. At the time of Tucker's
convictions, the Texas Penal Code classified burglary of a building as a felony of a second degree
and burglary of a habitation as a felony of the first degree. Act of May 24, 1973, 63rd Leg., R.S.,
ch. 399, 1973 Tex. Gen. Laws 883, 926–27, amended by Act of May 29, 1993, 73rd Leg., R.S., ch.
900, § 1.01, 1993 Tex. Gen. Laws 3586, 3633. Therefore, if the burglaries had been committed in
Texas in 1988 and 1992, they would have been either a first or second degree felony. In either
instance, Tucker would have been subject to the same enhancement under Section 12.42(a)(2).
Tucker received identical treatment as someone who had committed similar offenses in Texas at the
same time, even assuming he only committed "burglary of a building." Further, the record does not
indicate whether Tucker's prior convictions involved "burglary of a building" rather than "burglary
of a habitation." Tucker has failed to show that the statute is being unconstitutionally applied to him. 
            The two prior felonies for burglary from Missouri were properly treated as felonies under
Section 12.41. See Tex. Pen. Code Ann. § 12.41; Ex parte Blume, 618 S.W.2d 373, 376 (Tex.
Crim. App. 1981); Dotson v. State, 28 S.W.3d 53, 57 (Tex. App.—Texarkana 2000, pet. ref'd). In
Dotson, this Court adopted the reasoning of the Houston Court of Appeals that it was appropriate
to determine whether the crime involved was a felony based on the intent of the legislature of the
sister state to make the crime a felony even though the same conduct may not have been a felony in
Texas. Dotson, 28 S.W.3d at 57; see Cain v. State, 721 S.W.2d 493 (Tex. App.—Houston [1st Dist.]
1986, no pet.). Burglary in the second degree in Missouri is classified as a Class C felony. See Mo.
Rev. Stat. § 569.170. Further, the punishment for a class C felony in Missouri is a maximum of
seven years' imprisonment, which is within the range of a Texas third degree felony. Compare Tex.
Pen. Code Ann. § 12.34 (Vernon 2003) with Mo. Rev. Stat. § 558.011 (West 2004). Since
Missouri clearly intended the conviction to be a felony, its treatment as a felony for enhancement
was proper under Texas law. We deny Tucker's first point of error.
Unconstitutionality of Section 12.42
            Tucker's second point of error is that the trial court erred in failing to find Texas Penal Code
Section 12.42(a)(1) and (2) to be unconstitutional. Tucker argues that this issue concerns not only
his situation, but those that belong to a class of citizens similarly situated. As discussed above, since
the prior Missouri convictions did not result in harsher punishment to Tucker than if they had
occurred in Texas, he does not belong to a class of persons whose prior foreign convictions subjected
them to greater punishment. We are prohibited from issuing advisory opinions, the distinctive
feature of which is that it decides an abstract question of law without binding the parties. Tex.
Const. art. II, § 1; Perez v. State, 938 S.W.2d 761, 764 (Tex. App.—Austin 1997, pet. ref'd). 
Because Tucker's second point would require us to render an advisory opinion, we will not address
it.
            We affirm the judgment of the trial court.
 


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          April 19, 2004
Date Decided:             May 6, 2004

Publish