The STATE of Texas, Appellant,

v.

William A. HIGHT, Appellee.

No. 0873–94.

Court of Criminal Appeals of Texas, En Banc.

Oct. 11, 1995.

Philip C. Banks, Bryan, for appellant.

David S. Barron, District Attorney, Anderson, Matthew W. Paul, Asst. State's Attorney, Robert A. Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellee entered a plea of not guilty to the offense of intentionally and knowingly causing injury to a child. The jury found him guilty of the lesser included offense of recklessly causing injury to a child. After a punishment hearing the trial court assessed punishment at one (1) year confinement in the Grimes County Jail and a fine of $3,000.00. Appellee filed a motion for new trial, alleging "bias" on the part of the probation officer who prepared the pre-sentence report and testified at the punishment hearing. The motion was granted by the trial court, without a hearing, as to the punishment phase of the trial only. The State appealed. The Fourteenth Court of Appeals affirmed the trial court's order in a published opinion. *State v. Hight*, 879 S.W.2d 111 (Tex.App.—Houston [14th Dist.] 1994, pet. granted). The Court of Appeals held that a trial court should have the power to grant a

new trial as to punishment only since such a rule serves "the interests of justice." In addition, the appeals court reasoned that granting a new trial as to punishment only would avoid waste of judicial assets in retrial of the entire case.

The State, through the Grimes County District Attorney's office, and the State Prosecuting Attorney's office filed petitions for discretionary review. We granted review for both parties' Ground for Review Number One. We will reverse the decision of the Court of Appeals.

The Grimes County District Attorney's office alleges that the Court of Appeals erred in holding that the trial court did not abuse its discretion in granting a new trial as to punishment only. The State Prosecuting Attorney's office asks essentially the same question:

> "Where the jury convicted the defendant upon his plea of not guilty, and where the trial court assessed punishment, does the trial court have unfettered discretion to grant a new trial as to punishment only?"

For the purposes of this opinion we will consider the offices of the District Attorney and the State Prosecuting Attorney to be a single party, to wit, the State.

This Court's recent decision in *State v. Bates*, 889 S.W.2d 306 (Tex.Cr.App.1994) controls the disposition of the instant case.[1] In *Bates* we affirmed the Eastland Court of Appeals' ruling that a trial court does not have authority to grant a new trial as to punishment only.[2] In *Bates* this Court stated that a new trial for the punishment stage of a criminal action may be granted under Tex.Code Crim.Pro. Art. 44.29. *Bates*, 889 S.W.2d at 310. However, only *appellate* courts may grant new trials as to punishment only. Article 44.29(b) reads in pertinent part:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant . . . only on the basis of an error

or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07 of this code.

Trial courts are *not* listed among the courts which may grant a new trial solely on the issue of punishment in Art. 44.29(b). *Id.* at 310.

This Court also pointed out in *Bates* that by reading Rule 32 of the Rules of Appellate Procedure in conjunction with Art. 42.29, it is apparent that a trial court may not order a new trial on the issue of punishment only, and that such an order may only come from an appellate court. *Id.* at 310–311. Rule 32 clearly states that granting a new trial by a trial court "restores the case to its position *before* the former trial." [Emphasis ours.] Granting a new trial as to punishment only would not restore the case to a position before the trial, thus the Court of Appeals' decision is in direct conflict with the language in Rule 32.

In the instant case, after acknowledging the conflict with Eastland Court of Appeals decision in *Bates*, the Fourteenth Court of Appeals decided not to follow the reasoning of the Eastland Court on grounds of judicial economy and public policy. *Hight*, supra at p. 112. Instead, the Houston Court of Appeals relied on their earlier decision in *Monroe v. State*, 871 S.W.2d 801 (Tex.App.—Houston [14th Dist.] 1993, no pet.), which held that since the Legislature in 1987 gave appellate courts power to grant new trials in the punishment phase only, the same reasoning should apply to trial courts. Tex.Code Crim.Proc.Ann. art. 44.29(b).

In rejecting that argument, we hold that if the legislature had so intended, they could have, and surely would have, included "trial

---

1. This Court acknowledges that the Court of Appeals did not have the benefit of our decision in *Bates* at the time they handed down their decision in the instant case.

2. Although *Bates* was a plurality opinion, we would note that Judge Clinton's concurring opinion (which Judge Maloney joined) clearly agreed with the plurality that a trial court does not have authority to grant a new trial as to punishment only.

courts" in the 1987 amendment to art. 44.29(b). Accordingly, the legislature's omission of the words "trial courts" in the 1987 amendment effectively excluded them from art 44.29(b).

As the Grimes County District Attorney notes in its brief, the Court of Appeals sought to legislate "public policy" rather than interpret the law as required by Art. 2, Sec. 1 of the Texas Constitution. The plain meaning of Art. 44.29 of the Code of Criminal Procedure should be given effect. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Cr.App.1991). Therefore, we hold that a trial court cannot grant a new trial as to the punishment phase of a trial only.

Accordingly, the judgment of the court of appeals is reversed and the cause remanded to the trial court for proceedings consistent with our opinion.