**Markett Maurice WARFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–96–00929–CR.

Court of Appeals of Texas,
San Antonio.

May 13, 1998.

Jacquelyn L. Snyder, Adkins, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before STONE, DUNCAN and PRESTON H. DIAL,[1] JJ.

## OPINION

· PRESTON H. DIAL, Justice (Assigned).

Appellant, Markett Maurice Warfield ("Warfield"), appeals the trial court's judgment sentencing him to life imprisonment for capital murder. In six points of error, Warfield complains the trial court erred by: (1) failing to define murder and capital murder as felonies in the jury charge; (2) denying Warfield's motion to suppress a witness's identification and admitting the photos from the pretrial identification; (3) submitting a limiting instruction on gang involvement; and (4) admitting the stolen weapons that had been recovered into evidence. We overrule each of Warfield's contentions and affirm the trial court's judgment. Since War-

---

1. Assigned to this case by the Chief Justice of the Texas Supreme Court.

field does not challenge the sufficiency of the evidence, we detail the facts only as they become relevant in addressing Warfield's points of error.

## JURY CHARGE—PENAL CODE SECTION 7.02(b)

In his first point of error, Warfield contends that the trial court erred in submitting a jury charge based on section 7.02(b) of the Texas Penal Code which did not define murder and capital murder as felonies.

Warfield was indicted for intentionally and knowingly causing the death of Louella Hilton by shooting her with a handgun while in the course of robbing and attempting to rob her. At trial, the State's theory was that Warfield committed capital murder by his involvement in a conspiracy to rob a pawn shop. Hilton was shot by a co-conspirator during the course of the robbery.

Section 7.02(b) of the Texas Penal Code provides as follows:

> If, in an attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

TEX. PEN.CODE ANN. § 7.02(b) (Vernon 1994). The jury charge contains an instruction setting forth this language. In addition, the jury charge defines robbery as a felony. Warfield contends that the jury charge was also required to define murder and capital murder as felonies, because the term "felony" is a legal term that requires definition. Warfield concedes that no objection was made to the jury instruction on this issue, but he contends that the absence of the definition resulted in egregious harm under *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim. App.1984).

■ Although the State was unable to locate any authority for the proposition that the failure to define murder and capital murder as felonies is not error, the State asserts that any associated error does not rise to the level of egregious harm. We agree with the State. Although the better practice would be for the trial court to define murder and capital murder as felonies in the abstract portion of the jury charge, the failure to include such a definition in this case does not result in egregious harm to Warfield in view of the application paragraph.

■ The meaning of a jury charge must be taken from the whole charge, and jurors are not authorized to return a verdict except under those conditions given by the application paragraph of the charge. *See Plata v. State*, 926 S.W.2d 300, 302 (Tex.Crim.App. 1996), *overruled on other grounds, Malik v. State*, 953 S.W.2d 234 (1997). "Failure to give an abstract instruction is reversible only when such an instruction is necessary to correct or complete understanding of concepts or terms in the application part of the charge." *Id.; see also Macias v. State*, 959 S.W.2d 332, 1997 WL 799588, at *4 (Tex. App.—Houston [14th Dist.], Dec.23, 1997, n.w.h.). The application paragraph in the charge given in this case reads as follows:

> Now, if you find from the evidence beyond a reasonable doubt that Gabriel Gonzales, Shawntee Simmons, Markett Warfield, Sherrard Williams, and DeAnthony Walker entered into an agreement to commit the offense of robbery or felony theft, as above defined, of or from Louella Hilton, pursuant to that agreement, they did carry out their conspiracy and that on or about the 20th day of July A.D., 1994, in Bexar County, Texas, while in the course of committing such robbery or felony theft, Gabriel Gonzales intentionally caused the death of Louella Hilton, to-wit: by shooting Louella Hilton with a deadly weapon, namely: a handgun, with the specific intent to kill Louella Hilton, and that the shooting of Louella Hilton was committed in furtherance of the conspiracy, if any, among Gabriel Gonzales, Shawntee Simmons, Markett Warfield, Sherrard Williams, and DeAnthony Walker to rob or to commit felony theft from Louella Hilton, and that the shooting of Louella Hilton by Gabriel Gonzales, if there was such, was done in furtherance of the conspiracy to rob or commit felony theft from Louella

Hilton, if any, and was an offense that should have been anticipated by defendant, Markett Warfield, as a result of the carrying out of a conspiracy, then you will find the defendant, Markett Warfield, guilty of capital murder.

In view of the application paragraph, an abstract instruction that defined murder and capital murder as felonies was not "necessary to a correct or complete understanding of the concepts or terms in the application paragraph of the charge." *Id.* Accordingly, it was not reversible error for the trial court not to include such an instruction, and Warfield's first point of error is overruled.

### IDENTIFICATION

In his second and third points of error, Warfield asserts the trial court erred in denying his motion to suppress a Wal–Mart clerk's identification of him because of tainted pretrial identification procedures. Warfield argues that the pretrial identification was coerced by the investigating officer. During the suppression hearing, the clerk testified that the investigating officer threatened to place her in jail if she refused to identify someone from a photo lineup.

■ The State asserts that Warfield lacks standing to assert a violation of the clerk's due process rights.[2] In support of this position, the State cites *United States v. Bustamante*, 45 F.3d 933 (5th Cir.1995), *cert. denied*, 516 U.S. 973, 116 S.Ct. 473, 133 L.Ed.2d 402 (1995). In *Bustamante*, the defendant argued that the lower court incorrectly interpreted a prosecution witness's immunity order. *See id.* at 943. The Fifth Circuit noted that the defendant provided no reason why he should escape the general rule that a litigant cannot base his own claim on the legal rights and interests of a third party. *See id.* at 943 n. 6. The court concluded that the witness's rights under the immunity agreement could not form the foundation for the defendant's own claim on the issue. *See id.* However, the court explained that the defendant would have grounds to complain about the witness's immunity if the govern-

ment used that privilege to unfairly skew the facts presented to the jury, thereby breaching the defendant's right to due process of law. *See id.*

■ In this case, Warfield seeks to assert that the government's violation of the clerk's due process rights unfairly skewed the facts presented to the jury by illegally coercing Warfield's identification by the clerk. If Warfield's contention is true, the government's action would violate Warfield's right to due process of law. Therefore, we find that we have standing to consider Warfield's complaint.

■ In seeking to suppress the identification evidence, including the photographs from the pretrial identification, Warfield was asserting a specialized objection to the admissibility of the evidence. *See Galitz v. State*, 617 S.W.2d 949, 952 n. 10 (Tex.Crim.App.1981)(motion to suppress is specialized objection to admission of evidence); *State v. Reed*, 888 S.W.2d 117, 119 (Tex.App.—San Antonio 1994, no pet.)(same). The clerk's testimony that she had been coerced was controverted by the officer's testimony that he had not threatened to put the clerk in jail. The trial court was required to evaluate the credibility of the witnesses and determine whether the evidence should be admitted. We conclude that the trial court did not abuse its discretion in resolving the conflict in favor of the admission of the evidence. *See Guzman v. State*, 955 S.W.2d 85, 89–90 (Tex.Crim.App.1997)(noting evidentiary rulings reviewed under abuse of discretion standard because trial court is in best position to determine admissibility).

Warfield's second and third points of error are overruled.

### LIMITING INSTRUCTION REGARDING GANG INVOLVEMENT

■ In his fourth point of error, Warfield contends the trial court erred in giving the following instruction in the jury charge relating to gang involvement:

---

**2.** To the extent Warfield's brief can be interpreted as complaining that the photo lineup was unduly suggestive, we agree with the State that

this contention was waived by failing to raise this complaint at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App.1995).

Evidence of alleged gang involvement has been admitted for the limited purpose of showing intent or motive, if it does do so, and should only be used by you, if you choose to believe it and so use it, for only that purpose.

Warfield argues that the instruction was defective in that it failed to advise the jury that it must find beyond a reasonable doubt that Warfield engaged in gang involvement before it could consider the extraneous offense of gang involvement. Warfield acknowledges that he did not object to the trial court's instruction and, therefore, must show egregious harm to be entitled to reversal. *See Almanza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1985).

■ The standard for admissibility of an extraneous offense is proof beyond a reasonable doubt. *George v. State,* 890 S.W.2d 73, 75–76 (Tex.Crim.App.1994); *see also Pondexter v. State,* 942 S.W.2d 577, 583 (Tex.Crim.App.1996)(analyzing gang affiliation evidence as extraneous offense), *cert. denied,* —— U.S. ——, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997). If a defendant makes a proper request during the guilt/innocence phase of a trial, the trial court must instruct the jury not to consider extraneous offense evidence admitted for a limited purposes unless it believes beyond a reasonable doubt that the defendant committed the extraneous offense. *George,* 890 S.W.2d at 76. The State asserts that because no limitation was placed on the evidence relating to gang involvement at the time it was admitted, the limiting instruction was gratuitous and provided Warfield with something beneficial that he was not entitled to under the law. We agree with the State's position that the evidence regarding gang involvement was not admitted for a limited purpose. However, we conclude that when the trial court gratuitously inserted the limiting instruction in the jury charge, it was required to instruct the jury not to consider the gang involvement unless it believed that Warfield was involved in a gang beyond a reasonable doubt. *George,* 890 S.W.2d at 76; *Splawn v. State,* 949 S.W.2d 867, 873 (Tex.App.—Dallas 1997, no pet); *Yates v. State,* 917 S.W.2d 915, 922 (Tex.App.—Corpus Christi 1996, pet. ref'd). Since the trial court took it upon itself to include a limiting instruction, its failure to include the "beyond a reasonable doubt" requirement was error. Because no objection was made, we review the error to determine whether it was egregious.

■ Egregious harm only arises if the error is so severe that it deprived the accused of a fair and impartial trial. *Almanza,* 686 S.W.2d at 172. The actual degree of harm must be determined from the "entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

In this case, Warfield's gang involvement was not a contested issue. The only evidence in our record supports a finding that Warfield was involved in a gang. Although the instruction included by the trial court did not include the "beyond a reasonable doubt" requirement, its inclusion arguably benefitted Warfield by limiting the jury's consideration of the evidence of gang involvement for the purpose of showing intent or motive. Furthermore, the State never argued that the jury could consider the evidence of gang involvement if it was not proven beyond a reasonable doubt. Even taking the gang involvement into consideration, the jury was clearly instructed that Warfield could only be convicted of the offense if the prosecution proved each element of the offense beyond a reasonable doubt. In view of the record of the whole, we do not find that the omission of the "beyond a reasonable doubt" requirement from the limiting instruction constituted egregious harm.

Warfield's fourth point of error is overruled.

### RECOVERED WEAPONS

In his fifth and sixth points of error, Warfield asserts that the trial court erred in admitting evidence of the recovery of the weapons stolen in the robbery because such evidence was not relevant or its probative value was outweighed by its prejudicial effect. In his brief, Warfield argues that the trial court should have excluded evidence of the recovered weapons, the evidence that the

weapons were recovered from gang members, and the evidence of the offenses charged against the individuals from whom the weapons were recovered. The State initially contends that Warfield did not preserve these issues for our review because he failed to object to the testimony of how and from whom the guns were recovered on relevancy grounds and he failed to assert a rule 403 objection to the admissibility of the recovered guns.

At trial, the prosecutor informed the trial court that she intended to call Officer Gonzalez as the State's last witness and intended to offer the recovered weapons through him. Outside the jury's presence, the trial court noted that the object of the conspiracy was to obtain weapons for distribution; therefore, the trial court concluded that evidence of the distribution of the weapons would prove that the conspiracy existed and would be a relevant fact. The trial court further concluded that any extraneous offense by the person from whom the weapon was recovered would have been an offense by that individual and would not be prejudicial to Warfield. The trial court ruled that the prosecution could introduce the evidence. Warfield's attorney objected to the trial court's ruling, and the trial court overruled his objection. After the prosecutor asked for clarification that she could elicit the identity of the individuals from whom the weapons were recovered and their gang affiliation, Warfield's attorney furthered his objection that the evidence was an extraneous offense and was prejudicial.

During Officer Gonzalez's testimony before the jury, Warfield's attorney objected to evidence of the recovered weapons based on rule 404(b). The objection was overruled.

During the testimony of the State's other witnesses, who testified regarding the identity of the people from whom the weapons were recovered, their gang affiliation, and the offenses with which they were charged, no objection was made with respect to any questions relating to gang involvement or the identification of the weapons recovered. Only one relevancy objection was made regarding more descriptive details of an offense with which two of the individuals were charged. The evidence of the nature of the offense was already in evidence. Another objection was made in response to a question regarding the charge against the individual, but no ground was specified in the objection. Finally, one objection was made as to the nature of the charge against one of the individuals based on rule 404.

Based on the foregoing, we conclude that Warfield only preserved two issues for appellate review with respect to the evidence relating to the recovered weapons. Outside the jury's presence, Warfield's attorney objected to the trial court's ruling that the recovered weapons were relevant and that the admission of the offenses committed by the individuals from whom the weapons were recovered was not overly prejudicial. His objection was overruled. This objection was sufficient to preserve Warfield's complaints regarding: (1) the relevancy of the recovered weapons as evidence; and (2) the prejudicial nature of the evidence relating to the offenses charged against the individuals from whom the weapons were recovered. *See* TEX.R.APP. P. 52(b) (Vernon Supp.1997)(objection to admission of evidence outside jury's presence deemed to apply to evidence when admitted before jury).

" 'Relevant evidence' means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.CRIM. EVID. 401. Evidence was presented at trial that supported the State's theory that Warfield conspired with other gang members to rob a pawn shop to obtain guns for distribution to other gang members. One witness testified that three different gangs hung out together. Some of the individuals from whom the weapons were recovered belonged to at least one of the gangs identified by the witness. The trial court ruled that the evidence of the recovered weapons was relevant to the existence of the conspiracy because it tended to prove the conspirators planned the robbery to obtain and distribute guns, as the witness previously testified. We hold that the trial court did not abuse its discretion in admitting this evidence.

With regard to the prejudicial effect of the offenses committed by the individuals from whom the weapons were recovered, the only argument presented in Warfield's brief is an assertion that there is no proof that the gangs in which these individuals were involved were affiliated with the "Crip gang," of which Warfield a member. We note that at least three of the individuals from whom weapons were recovered were identified as members of the East Terrace Gangsters, and one witness testified at trial that the "Crip gang" did hang out with the East Terrace Gangsters. Apart from his assertion that the other gangs were not identified with the "Crip gang," Warfield does not explain why he feels the evidence of the offenses committed by the other individuals was unfairly prejudicial, and we will not address an unarticulated rule 403 complaint. *See Santellan v. State*, 939 S.W.2d 155, 173 (Tex.Crim.App. 1997).

Warfield's fourth and fifth points of error are overruled.

### CONCLUSION

The judgment of the trial court is affirmed.