Affirmed and Opinion on Remand filed October 7, 2003









Affirmed and Opinion on Remand filed October 7, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-99-01247-CR

____________

 

TOMMIE JUNIOUS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 240th District
Court

Fort Bend County, Texas

Trial Court Cause No. 29,317A

 



 

OPINION  ON 
REMAND








Appellant,
Tommie Junious, appeals from a judgment adjudicating guilt on the offense of
aggravated assault with a deadly weapon. 
On original submission, this Court dismissed appellant=s
appeal for want of jurisdiction due to a defective notice of appeal.  Junious v. State, No. 14-99-01247-CR,
2001WL 422078, at *1 (Tex. App.CHouston [14th Dist.] Apr. 26, 2001,
pet. granted) (per curiam).  Accordingly,
we did not reach the merits of appellant=s points of error.  On discretionary review, the Court of
Criminal Appeals held the defect in appellant=s notice of appeal was cured by an
amended notice of appeal.  Thus, the
Court of Criminal Appeals vacated our initial opinion and remanded the case for
reconsideration in light of Bayless v. State, 91 S.W.3d 801 (Tex. Crim.
App. 2002).  Junious v. State, No.
1347-01, 2003 WL 1731137, at *1 (Tex. Crim. App. Jan. 29, 2003).








The
record reflects that appellant was indicted for aggravated assault with a
deadly weapon.  The indictment also
contained two enhancement paragraphs alleging prior convictions for delivery of
marihuana and forgery.  As enhanced, the
potential penalty for this offense was Alife, or for any term of not more
than 99 years or less than 25 years.@ 
Tex. Pen. Code Ann. ' 12.42(d) (Vernon Supp. 2003).  Although the State did not formally abandon
the enhancement paragraphs, it effectually did so when, on August 6, 1998, it
entered into a plea bargain agreement with appellant wherein appellant was permitted
to enter a plea solely to the primary offense, i.e., aggravated assault
with a deadly weapon.[1]  The penalty prescribed by the legislature for
this offense, without enhancements, was Aimprisonment in the institutional
division for any term of not more than 20 years or less than 2 years,@ and a possible fine not to exceed
$10,000.  See Tex. Pen. Code Ann. ' 12.33 (Vernon 1994);  Tex.
Pen. Code Ann. ' 22.02(b) (Vernon 1994). 
In the trial court=s written admonishments given to appellant prior to his plea,
appellant was correctly advised as follows:

You are charged with the offense of AGGRAVATED
ASSAULT.

The
range of punishment for that offense is imprisonment in the institutional
division for any term of not more than 20 years or less than 2 years;  In addition to imprisonment, an individual
adjudged guilty of a felony of the second degree my [sic] be punished by a fine
not to exceed $10,000.

Pursuant to the plea bargain agreement, the trial court deferred a
finding of guilt and placed appellant under the terms and conditions of
probation for a term of two years.  At
the same time, appellant executed a separate document in which he waived his
right to appeal.

Eleven months later, on July 9, 1999, the State filed a
motion to adjudicate appellant=s guilt alleging various violations of his conditions of
probation.  Appellant entered a plea of Anot true.@ 
After considering the evidence presented at the adjudication hearing,
however, the trial court found the allegations to be true.  The trial court also heard evidence on the
enhancement allegations (which, as we have already stated, appear to have been
abandoned) and found such allegations to be true.  On October 7, 1999, the trial court then
assessed appellant=s punishment at confinement in the state penitentiary for a
term of twenty-five years.

Appellant then filed a motion for new trial alleging that he
was improperly admonished as to the range of punishment in the original plea
proceeding since he was not advised with regard to the possibility of enhanced
punishment.  The trial court granted appellant=s motion for new trial Aas to punishment only.@ 
Thereafter, appellant entered into a new plea bargain agreement in which
he entered a plea of Atrue@ to the motion to adjudicate in exchange for a recommendation
of ten years in the penitentiary.  On
October 22, 1999, in compliance with the plea agreement, the trial court
assessed appellant=s punishment at confinement in the penitentiary for a term of
ten years, and appellant executed a written waiver of appeal in a separate
document.








On appeal, appellant contends the trial court lacked
jurisdiction to grant a new trial on punishment.  Without jurisdiction, the trial court=s judgment adjudicating guilt and
assessing punishment at ten years confinement is void.  Appellant further argues by granting the
motion for new trial, regardless of language limiting the new trial to
punishment, the trial court restored the case to its original position before
the entry of his plea.  Appellant urges
this Court to remand the cause to the trial court for the entry of a new plea
and a new trial.  In the alternative,
appellant prays this Court remand the cause to the trial court for a ruling on
the motion for new trial.[2]

When a court lacks authority to act in a particular manner,
such action may result in the court=s judgment being either void or
voidable depending on whether the court=s action is Aillegal@ or merely Airregular.@ 
Ex parte Seidel, 39 S.W.3d 221,
224 (Tex. Crim. App. 2001).  A>Illegal acts=
are defined as >acts that are not authorized by law.=@ 
Id. (quoting Black=s Law
Dictionary 598 (7th ed.
2000).  AOn the other hand, >irregular
acts=
are defined as >acts or practices that vary from the
normal conduct of an action.=@  Id. (quoting Black=s Law
Dictionary 699 (7th ed.
2000).  While a judgment is merely Avoidable
for irregularity,@ it is Avoid
for illegality.@ 
Id.  Here, the trial court
was not authorized by law to grant a new trial as to punishment.[3]  Accordingly, such act was void and,
therefore, a nullity.  See Nix v.
State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (holding that a void
judgment is a nullity).








When
a trial court purports to grant a new trial as to punishment only and
thereafter assesses a new punishment, what is the effect of its action?  On this issue the courts of appeals are badly
divided.  The Fourth Court of Appeals was
the first to deal with this issue.  The
court nullified the order of the trial court granting a new trial and remanded
the case to the trial court to rule on the pending motion for new trial.  Renteria v. State, No. 04-95-00257-CR,
1996 WL 195404, at *2 (Tex. App.CSan Antonio Apr. 24, 1996, no pet.)
(not designated for publication). 
Conversely, the Fifth Court of Appeals remanded two cases back to the
trial courts for new trials. Hutchinson v. State, No. 05-99-00021-CR,
1999 WL 1095799, at *2 (Tex. App.CDallas Dec. 6, 1999, no pet.) (not
designated for publication); Hanlan v. State, No. 05-98-00761-CR, 1999
WL 437017, at *1 (Tex. App.CDallas June 30, 1999, no pet.) (not
designated for publication). The court explained that the motion for new trial
was granted, but the trial court Aimproperly limited the scope of the
new trial granted.@ 
Hanlan, 1999 WL 437017, at *1. 
Finally, the First Court of Appeals held that because the order granting
a new trial as to punishment was null and void, the original judgment assessing
the original sentence remained in effect and would be reinstated.  Avila v. State, No. 01-98-00886-CR,
2000 WL 232945, at *1 (Tex. App.CHouston [1st Dist.] Mar. 2, 2000, no
pet.) (not designated for publication).








Unfortunately,
we are not persuaded by any of the aforementioned decisions.  We find the trial court=s
putative granting of a new trial Aas to punishment only@
was a nullity.  See Hight, 845
S.W.3d at 847.   However, the trial court=s
plenary jurisdiction had not expired when it reformed appellant=s
punishment to ten years= confinement.  Because 
a trial court has inherent power to vacate, modify or amend its own
rulings within the time of its plenary jurisdiction, we hold the trial court
was authorized to alter appellant=s sentence.  See Ware v. State, 62 S.W.3d 344, 355
(Tex. App.CFort Worth 2001, pet. ref=d)
(holding that where trial court improperly sentenced defendant to seventy-five
years when the maximum sentence provided by law was twenty years, the trial
court did not err in changing the sentence to twenty years so long as the
appellate record had not yet been filed in the appellate court);  McClinton v. State, 38 S.W.3d 747, 751
(Tex. App.CHouston [14th Dist.] 2001, pet.
granted) (holding trial court was authorized to alter its original sentence of
twelve years and change it to ten years); Verdin v. State, 13 S.W.3d
121, 123 (Tex. App.CTyler 2000, no pet.) (holding trial
court was authorized to withdraw its order declaring defendant=s
guilty plea null and void).  Appellant=s
first and second issues are overruled.

The
judgment of the trial court is affirmed.

 

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Opinion on
Remand filed October 7, 2003.

Panel consists of Justices Yates,
Hudson, and Fowler.

Publish C
Tex. R. App. P. 47.2(b).











[1]  Where the
State intends, as part of a plea bargain agreement, to preserve its right to
seek enhanced punishment should a defendant=s guilt
later be adjudicated, it routinely demands as part of the initial plea
agreement that the defendant  also enter
a plea of true to the enhancement paragraphs. 
See, for example,  Hardeman v.
State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); Ray v. State, 919
S.W.2d 125, 126 (Tex. Crim. App. 1996); Duckworth v. State, 89 S.W.3d
747, 749 (Tex. App.CDallas 2002, no pet.); Cutrer v. State, 995
S.W.2d 703, 704 (Tex. App.CTexarkana 1999, pet. ref=d); Fisher
v. State, 921 S.W.2d 814, 815 (Tex. App.CHouston
[14th Dist.] 1996, pet. ref=d); Roberson v. State, 879 S.W.2d 250, 251B52 (Tex. App.CDallas
1994, no pet.).

Here, the record of the plea hearing
reflects appellant stipulated and confessed that Ain Fort
Bend County, Texas, I (the same individual indicted in this cause) on June 7,
1997, committed the acts alleged in the indictment in the cause, and that the
evidence and testimony would prove beyond a reasonable doubt that the acts and
allegations in the indictment in this cause are true and correct.@  Thus, the
stipulation and confession appear to be limited to the events of June 7, 1997, i.e.,
the primary paragraph of the indictment. 
Nowhere does appellant stipulate or confess that the allegations
contained in the enhancement paragraphs are true.

Moreover, the trial court=s judgment reflects appellant entered a plea of nolo
contendere to the second degree felony of aggravated assault and a plea of true
regarding the use of a deadly weapon. 
The trial court then stated in its judgment that the Adefendant has never been convicted of a felony in this
or any other state.@  (emphasis
added).  Thus, the record suggests the
State waived and abandoned its enhancement allegations as part of its plea
bargain agreement.





[2]  The State
concedes the trial court had no authority to grant a new trial as to
punishment.  However, the State contends
we need not reach the issue because appellant has waived his right to
appeal.  Whether a defendant can validly
waive an appeal from a void act is an unsettled issue.  However, in light of our disposition of this
appeal, we need not address the State=s
contention.





[3]  The Court of
Criminal Appeals announced in State v. Hight, 907 S.W.2d 845 (Tex. Crim.
App. 1995) (en banc) that a  trial court
is not permitted to grant a motion for new trial as to punishment only.  Under the Rules of Appellate Procedure, the
granting of a motion for new trial by a trial court Arestores the case to its position before the former
trial.@  Tex. R. App. P. 21.9.  AGranting
a new trial as to punishment only would not restore the case to a position
before the trial.@  Hight,
907 S.W.2d at 846.  Accordingly, only
appellate courts are permitted to grant new trials as to punishment only.  Id. at 847; see also Tex. Code Crim. Proc. Ann. Art. 44.29
(Vernon Supp. 2003).