MEMORANDUM OPINION



No. 04- 05-00760-CR


Alonzo MUNOZ,

Appellant

v.


THE STATE OF TEXAS,

Appellee


From the 79th Judicial District Court, Brooks County, Texas 

Trial Court No. 92-01-02983-CR

Honorable Terry A. Canales , Judge Presiding



Opinion by: Sandee Bryan Marion , Justice

 

Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice

 

Delivered and Filed: July 5, 2006



AFFIRMED



BACKGROUND



 Defendant, Alonzo Munoz, pled guilty to delivery of a controlled substance. The trial court adjudicated defendant guilty
and sentenced him to twenty-five years' confinement and a $20,000 fine. Defendant filed a motion for new trial as to
punishment, which the trial court granted. The trial court placed defendant on deferred adjudication probation for ten years. 
The State subsequently filed a motion to revoke his probation, alleging he had violated the terms of his probation. 
Defendant pled true to the State's allegations. The trial court revoked defendant's probation and sentenced him to forty-five
years' confinement and a $20,000 fine. The Court of Criminal Appeals granted defendant the opportunity to file an
out-of-time appeal. Defendant complains of his conviction in seven issues on appeal. We affirm. 

MOTION FOR NEW TRIAL

 In his first, second, third, and seventh issues, defendant argues the trial court erred in granting his motion for new trial as to
punishment only, and therefore, the ten year deferred adjudication and forty-five year sentence are "illegal" and
unenforceable. Defendant urges us to set aside the sentences and, under equity principles, return him "to the place of
beginning to answer the indictment." 

 When confronted with a motion for new trial, the court may only grant, deny, or allow the motion to be overruled by
operation of law. State v. Bates, 889 S.W.2d 306, 310 (Tex. Crim. App. 1994). Trial courts are not empowered to grant a
new trial solely on the issue of punishment. Id. at 310-11; see also Tex. Code Crim. Proc. Ann. art. 44.29 (Vernon Supp.
2005). Rule 21.9 of the Texas Rules of Appellate Procedure states that granting a new trial by a trial court "restores the
case to its position before the former trial." Tex. R. App. P. 21.9; see also State v. Hight, 907 S.W.2d 845, 846 (Tex. Crim.
App. 1995). However, granting a new trial as to punishment only does not restore the case to a position before the trial,
and thus is beyond the trial court's power. Hight, 907 S.W.2d at 846. 

 Here, defendant filed a motion for new trial as to punishment only. However, the record reflects the case was once again
called for trial, the defendant appeared in person and by attorney, announced ready for trial, waived a trial by jury and pled
guilty. Thereafter, the trial court changed defendant's punishment to ten years' probation and, also "deferred further
proceedings without an adjudication of guilt." The effect of these proceedings was that defendant received a new trial on
both guilt/innocence and punishment. See State v. Aguilera, 165 S.W.3d 695, 698 n.6 (Tex. Crim. App. 2005) (noting a
trial court "may properly entertain a motion for new trial, grant it, rehear the defendant's plea, and re-sentence him, and it
does not thereby violate the prohibition against a grant by a trial court of a new trial as to punishment only."). Accordingly,
the trial court's granting of the motion for new trial was not improper. 

SENTENCE INCREASE

 In his fourth issue, defendant contends the increased sentence of forty-five years compared to the original ten-year deferred
adjudication is a violation of the Due Process clauses of Article I, Section 19 of the Texas Constitution and the Fifth and
Fourteenth Amendments of the United States Constitution. 

 It is well-established that upon the revocation of deferred adjudication probation, the trial court may sentence a defendant
to any term within the statutory limits. See Von Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999). At the
time defendant committed the offense, the punishment range for a first degree felony, such as delivery of a controlled
substance, was any term of not more than ninety-nine years or less than five years and a fine not to exceed $20,000. Act of
May 18, 1989, 71st Leg., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2935 (current version at Tex. Health & Safety Code
Ann. § 481.112 (Vernon 2003)). The trial court sentenced defendant to forty-five years' confinement and a $20,000 fine,
which also followed the plea bargain from the trial court's original judgment. Therefore, because the punishment was
within the range proscribed by the applicable statute, it was not a violation of the Texas Constitution and United States
Constitution. 

INEFFECTIVE ASSISTANCE OF COUNSEL

 In his fifth and sixth issues, defendant complains he was denied effective assistance of counsel because his counsel did not
properly object to or investigate the "void judgment of ten years," and failed to offer mitigating evidence at the adjudication
hearing. (1) However, defendant has not pointed to any place in the record that failure to offer mitigating evidence was due
to ineffective assistance rather than trial strategy. Nothing in the record shows counsel's trial strategy, what mitigating
evidence, if any, was available, or who was available to testify at the adjudication hearing. To find that trial counsel was
ineffective based on the record before us would call for speculation, which we will not do. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994); Weeks v. State, 894 S.W.2d 390, 391-92 (Tex. App.--Dallas 1994, no pet.).

CONCLUSION

 We overrule defendant's issues on appeal and affirm the trial court's judgment.



 Sandee Bryan Marion, Justice

DO NOT PUBLISH



 

























1. Because we hold the trial court's granting of the motion for new trial was proper, we do not address defendant's
complaint concerning a "void judgment of ten years."