# DISSENTING OPINION

No. 04-09-00694-CR

The **STATE** of Texas,
Appellant

v.

Caleb **DAVIS**,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-8943
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice
Dissenting Opinion by: Steven C. Hilbig, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  November 3, 2010

Although I agree the trial court had the authority to modify Appellee's sentence, this case should be remanded to the trial court for sentencing proceedings.  Because the majority opinion fails to do so, I respectfully dissent.

## BACKGROUND

On October 6, 2009, and within thirty days of his sentencing, Caleb Davis sought to modify a fifteen year sentence imposed by the trial court.  Davis filed a document entitled "Motion for Reconsideration or Reduction of Sentence."   Apparently without conducting a hearing, the trial court granted the motion by written order dated October 16, 2009.  In its order, the trial court "reduced and reformed" the sentence to twelve years in prison.

The State gave proper notice of appeal and now argues the trial court was without authority to grant the motion.  The State contends the trial court could not alter the sentence once

Davis began serving it, and relies on cases decided before the 2007 amendments to the Texas Rules of Appellate Procedure that allow trial courts to grant motions for new trial on punishment. *See, e.g. State v. Aguilera*, 165 S.W. 3d 695, 698 (Tex. Crim. App. 2005) (trial court has plenary power to modify sentence if modification made on the same day as assessment of the initial sentence and before the court adjourns for the day); *State v. Hight*, 907 S.W.2d 845, 847 (Tex. Crim. App. 1995) (trial court does not have authority to grant new trial as to punishment only). Currently, our rules permit the trial judge to grant a new trial on punishment. *See* TEX R. APP. P. 21.1 (b) ("New trial on punishment means a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt."); TEX R. APP. P. 21.3 (listing the grounds for which "[t]he defendant must be granted a new trial, or a new trial on punishment."); TEX R. APP. P. 21.9 (a) ("a court must grant only a new trial on punishment when it has found a ground that affected only the assessment of punishment.") Although the State asserts the motion filed by Davis should not be liberally construed as a motion for new trial, it appears the actions of the trial judge, by granting the motion, "set aside an assessment of punishment without setting aside a finding or verdict of guilt." *See* TEX R. APP. P. 21.1(b). I agree with the majority's reasoning and its conclusion that the trial judge had the authority to set aside its original sentence.

My disagreement arises because the majority simply affirms the judgment of the trial court. If the motion is construed as a motion for new trial on punishment, the granting of it merely returns the parties to the point where Davis has been found guilty, but no sentence has been imposed. *See* TEX R. APP. P. 21.9 ("Granting a new trial on punishment restores the case to its position after the defendant was found guilty.") The trial judge must still impose a sentence. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) (defendant tried on two

felony charges but trial court orally sentenced only on one count, written judgment reflecting thirty-year sentence on both counts not proper; there was no "valid judgment" on count where sentence never orally pronounced).  A felony sentence must be pronounced in the presence of the defendant, his attorney, and the attorney for the State.  TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a) (West 2010); *Aguilera*, 165 S.W.3d at 698.  Because Davis has not been properly sentenced, there is not a valid judgment to affirm.  The case should be remanded to the trial court for the proper imposition of sentence.

Steven C. Hilbig, Justice

Publish