The STATE of Texas, Appellant,

v.

Caleb DAVIS, Appellee.

No. 04–09–00694–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 3, 2010.

Discretionary Review Granted
Feb. 9, 2011.

Cleophus Marshall, Attorney at Law, Angela J. Moore, Chief Public Defender, San Antonio, TX, for Appellant.

Mary Beth Welsh, Assistant Criminal District Attorney, San Antonio, TX, for Appellee.

Sitting: CATHERINE STONE, Chief Justice, SANDEE BRYAN MARION, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by: CATHERINE STONE, Chief Justice.

The sole issue presented in this appeal is whether the trial court erred in modifying a judgment of conviction and sentence thirty-five days after the trial court im-posed the original sentence. The appeal is premised on the State's contention that the motion for reconsideration or reduction in sentence filed by appellee, Caleb Davis, was untimely and cannot be construed as a motion for new trial or motion in arrest of judgment. Because we conclude that Davis's timely motion for reconsideration is the equivalent of a motion for new trial, we affirm the trial court's judgment.

Davis pled guilty to burglary with intent to commit aggravated assault. On September 14, 2009, the trial court im-posed a sentence of fifteen years confine-ment. On October 6, 2009, Davis filed a motion for reconsideration or reduction of sentence. On October 16, 2009, the trial court signed an order granting Davis's mo-tion and reducing the sentence to twelve years confinement. The trial court signed a second judgment imposing the twelve-year sentence on October 19, 2009.[1]

"[A] trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judg-ment is filed within 30 days of sentenc-ing."[2] *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex.Crim.App.2005). Although the State contends in its brief that Davis's motion for reconsideration or reduction of sentence was untimely filed thirty-two days after the trial court imposed the orig-inal sentence, the file stamp on the motion for reconsideration or reduction of sen-tence contained in a supplemental clerk's record ordered by this court reflects that the motion was filed on October 6, 2009, within thirty days of the date the original sentence was imposed. In a footnote, the

---

1. The dissenting opinion asserts the cause should be remanded for the imposition of sentence because no sentence has been im-posed. This assertion ignores that the trial court signed a judgment on October 19, 2009, imposing a twelve-year sentence.

2. The trial court has seventy-five days to rule on a timely filed motion for new trial. Tex. R.App. P. 21.8(a).

State also argues that Davis's motion cannot be liberally construed as a motion for new trial. We disagree. Davis's motion is functionally indistinguishable from a motion for new trial; therefore, the trial court retained plenary power to modify Davis's sentence. *See State v. Savage*, 933 S.W.2d 497, 499 (Tex.Crim.App.1996) (holding reviewing court can look past labels and order granting motion for judgment non obstante veredicto was functional equivalent of granting of new trial, thereby allowing State to appeal); *State v. Evans*, 843 S.W.2d 576, 577–78 (Tex.Crim.App.1992) (holding motion to withdraw or reconsider plea should more aptly have been called a motion for new trial and order granting motion was functionally indistinguishable from order granting a new trial, thereby allowing State to appeal); *State v. Boyd*, 202 S.W.3d 393, 400 (Tex.App.-Dallas 2006, pet. ref'd) (citing numerous authorities allowing reviewing courts to look past labels and allowing State to appeal order granting motion for mistrial); *cf. Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex.1995) (holding motion for reconsideration was the equivalent of a motion to modify the judgment and extended trial court's plenary power); *Dayco Products, Inc. v. Ebrahim*, 10 S.W.3d 80, 83 (Tex.App.-Tyler 1999, no pet.) (noting motion for reconsideration is equivalent to a motion for new trial); *IPM Products Corp. v. Motor Parkway Realty*, 960 S.W.2d 879, 882 (Tex. App.-El Paso 1997, no pet.) (same).

The State also contends that the trial court's judgment is "void" because the sentence "was not modified in open court and was without statutory authorization and without the presence of the parties." The State cites *McClinton v. State*, 121 S.W.3d 768, 771 (Tex.Crim.App.2003), as support for its contention. The majority of the court in *McClinton*, however, dismissed the State's petition for discretionary review as improvidently granted. *Id.* at 768–69. From the State's citation, it appears the State is relying on Judge Cochran's concurring opinion in *McClinton* as authority.[3] Despite statements made by Judge Cochran in her concurring opinion in *McClinton*, however, the Texas Court of Criminal Appeals has held that the absence of the defendant at the time the trial court modifies a sentence does not result in a void judgment. *See Ex parte Madding*, 70 S.W.3d 131, 136 (Tex.Crim. App.2002) (holding written judgment modifying sentence outside the defendant's presence and after oral pronouncement was not void, but was reversible because defendant's right to due process was violated); Tex.Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon 2009) (requiring sentence to be pronounced in defendant's presence). In its brief, the State contends that the modification of the sentence made the judgment void. The State does not assert that its due process rights were violated by the procedure the trial court used to modify the judgment.[4] *See Brown*

---

**3.** In her concurring opinion, Judge Cochran stated, "a trial court does not have the statutory authority to impose one sentence orally to the defendant and then, at some later date, enter a different, greater or lesser, sentence in his written judgment outside the defendant's or State's presence." *McClinton*, 121 S.W.3d at 770 (Cochran, J., concurring). Judge Cochran cites *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex.Crim.App.2002), as support for her assertion; however, in *Ex parte Madding*, the court stated, "A trial court does not have

the statutory authority or discretion to orally pronounce one sentence in front of the defendant, but enter a different sentence in his written judgment outside the defendant's presence." 70 S.W.3d at 136.

**4.** Pertinent to any potential due process issue, we note that Davis states in his brief that his Motion for Reconsideration contains a certificate of service reflecting service, and thus notice, to the State. The trial court signed the order modifying the sentence ten days

*v. State,* 163 S.W.3d 818, 822 (Tex.App.-Dallas 2005, pet. ref'd) (due process complaint not properly before appellate court where issue not asserted in briefing); *King v. State,* 17 S.W.3d 7, 23 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (due process complaint waived where brief contained only abstract assertion that due process rights were violated without argument or analysis to support contention). Moreover, the State would not have standing to assert that the procedure used by the trial court violated Davis's due process rights. *See Warfield v. State,* 974 S.W.2d 269, 272 (Tex.App.-San Antonio 1998, pet. ref'd) (noting general standing rule that a litigant cannot base its own claim on the legal rights and interests of another party); *see also Ex parte Cruzata,* 220 S.W.3d 518, 520 (Tex.Crim.App.2007) (habeas applicant's complaint regarding trial court increasing sentence after orally pronouncing lesser sentence not cognizable since nothing prevented applicant from appealing the sentence and asserting it was improper on direct appeal). Because Davis filed a motion equivalent to a motion for new trial within thirty days of his sentencing, the trial court had the authority to modify Davis's sentence, and the State's contention that the trial court's judgment is void is overruled. *See Ex parte Madding,* 70 S.W.3d at 136.

We affirm the trial court's judgment.

Dissenting Opinion by: STEVEN C. HILBIG, Justice.

Although I agree the trial court had the authority to modify Appellee's sentence, this case should be remanded to the trial court for sentencing proceedings. Because the majority opinion fails to do so, I respectfully dissent.

## BACKGROUND

On October 6, 2009, and within thirty days of his sentencing, Caleb Davis sought to modify a fifteen year sentence imposed by the trial court. Davis filed a document entitled "Motion for Reconsideration or Reduction of Sentence." Apparently without conducting a hearing, the trial court granted the motion by written order dated October 16, 2009. In its order, the trial court "reduced and reformed" the sentence to twelve years in prison.

The State gave proper notice of appeal and now argues the trial court was without authority to grant the motion. The State contends the trial court could not alter the sentence once Davis began serving it, and relies on cases decided before the 2007 amendments to the Texas Rules of Appellate Procedure that allow trial courts to grant motions for new trial on punishment. *See, e.g. State v. Aguilera,* 165 S.W.3d 695, 698 (Tex.Crim.App.2005) (trial court has plenary power to modify sentence if modification made on the same day as assessment of the initial sentence and before the court adjourns for the day); *State v. Hight,* 907 S.W.2d 845, 847 (Tex.Crim.App. 1995) (trial court does not have authority to grant new trial as to punishment only). Currently, our rules permit the trial judge to grant a new trial on punishment. *See* TEX. R.APP. P. 21.1(b) ("New trial on punishment means a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt."); TEX. R.APP. P. 21.3 (listing the grounds for which "[t]he defendant must be granted a new trial, or a new trial on punishment."); TEX. R.APP. P. 21.9(a) ("a

after the State received notice, and the State neither objected nor requested a hearing dur-

ing that 10–day period.

court must grant only a new trial on punishment when it has found a ground that affected only the assessment of punishment.") Although the State asserts the motion filed by Davis should not be liberally construed as a motion for new trial, it appears the actions of the trial judge, by granting the motion, "set aside an assessment of punishment without setting aside a finding or verdict of guilt." *See* TEX. R.APP. P. 21.1(b). I agree with the majority's reasoning and its conclusion that the trial judge had the authority to set aside its original sentence.

My disagreement arises because the majority simply affirms the judgment of the trial court. If the motion is construed as a motion for new trial on punishment, the granting of it merely returns the parties to the point where Davis has been found guilty, but no sentence has been imposed. *See* TEX. R.APP. P. 21.9 ("Granting a new trial on punishment restores the case to its position after the defendant was found guilty.") The trial judge must still impose a sentence. *See Thompson v. State,* 108 S.W.3d 287, 290 (Tex.Crim.App.2003) (defendant tried on two felony charges but trial court orally sentenced only on one count, written judgment reflecting thirty-year sentence on both counts not proper; there was no "valid judgment" on count where sentence never orally pronounced). A felony sentence must be pronounced in the presence of the defendant, his attorney, and the attorney for the State. TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a) (West 2010); *Aguilera,* 165 S.W.3d at 698. Because Davis has not been properly sentenced, there is not a valid judgment to affirm. The case should be remanded to the trial court for the proper imposition of sentence.