

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00020-CR
_____


COREY CHAMPION, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 42,580-A



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Corey Champion appeals from his conviction, on his open guilty plea, of two counts of aggravated robbery and one count of robbery. He was sentenced to twenty years' imprisonment.

Champion argues that the trial court committed reversible error by failing to adequately admonish him about his right to a jury trial. Therefore, he argues, his waiver was involuntary and invalid. He further argues that the court erred by failing to grant a new trial after acknowledging that the assessment of attorney fees against an indigent person was improper.

In a factual shift from the typical situation complaining about inadequate admonishments, when accepting the guilty plea in this case, the trial court asked Champion if its understanding that he had previously waived his right to a jury trial was correct. Champion had been admonished by a different judge at a pretrial hearing and had waived his right to a jury trial at that time.[1] The waiver appears in the record both verbally and in writing.

---

[1]Champion was admonished as follows:

> *THE COURT*: Now, in each of these cases did you read these documents entitled Waiver of Jury Trial before you signed them?
>
> [*APPELLANT*]: Yes, ma'am.
>
> *THE COURT*: Did you understand the documents that you signed?
>
> [*APPELLANT*]: Yes, ma'am.
>
> *THE COURT*: Is this your decision?
>
> [*APPELLANT*]: Yes, ma'am.
>
> *THE COURT*: Anybody twisting your arm or making you do this against your will?
>
> [*APPELLANT*]: No, ma'am.

The contention here is that without a more detailed explanation of the nature of a jury trial to the defendant, the waiver is ineffectual. Champion argues that the court should not just have informed him of his right to a jury trial and asked him if he had questions about the waiver, but should also have actively and separately informed Champion of the size of the jury, of the fact that the jury would decide guilt, and that if punishment was by the jury, the jury would determine and assess the proper punishment.

"A defendant has an absolute right to a jury trial." *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). He also has the ability to waive that right. *Id*. Waiver of jury trial in Texas is procedurally bounded by Article 1.13 of the Texas Code of Criminal Procedure, which provides that a defendant has the ability to waive the right of trial by jury so long as the waiver is made in person, "in writing in open court with the consent and approval of the court[,] and the attorney representing the state." TEX. CODE CRIM. PROC. ANN. art 1.13 (West Supp. 2014). Under federal constitutional law, the State must establish that the defendant's decision was

---

> *THE COURT*: Do you fully understand, Mr. Champion, if in each of these cases I approve your Waiver of Jury Trial today, this is a right you cannot get back in either of these cases, it will be gone?
>
> [*APPELLANT*]: Yes, ma'am.
>
> *THE COURT*: So you would have a right to a trial after I approve this Waiver of Jury Trial, but the trial would be in front of a judge not a jury, do you understand?
>
> [*APPELLANT*]: Yes, ma'am.
>
> *THE COURT*: Understanding this, are you asking me to approve your Waiver of Jury Trial . . . .

The written waiver reads as follows:

> I, COREY GAYLON CHAMPION, Defendant in the above entitled and numbered cause, joined herein by my attorney in open Court do hereby waive my right of trial by jury and agree that this cause may be tried by the Court(s) only.

expressly, knowingly, and intelligently made. *Hobbs*, 298 S.W.3d at 197; *Guillett v. State*, 677 S.W.2d 46, 49 (Tex. Crim. App. 1984).

We find the argument in this case unpersuasive. Champion correctly points out that the details of pursuing a trial to a jury are matters subject to substantial training for attorneys. However, the procedural details of a jury trial do not seem necessary to achieve the desired goal. This is a basic question for the defendant to decide: do you want a jury or a judge to decide your case? There was not a detailed explanation of the operation of a trial in front of a judge, but we are not convinced that a detailed explanation is necessary to allow a defendant to knowingly and intelligently make a decision to place his fate in the hands of a judge rather than a jury. *Compare Smith v. State*, 363 S.W.3d 761, 768 (Tex. App.—Austin 2012, pet. ref'd). The contention of error is overruled.

Champion also argues that the trial court erred by ordering that he, an indigent person, pay attorney fees for his representation. However, the argument under this contention is also atypical. The issue was raised at a hearing on Champion's motion for a new trial, and the trial court recognized the error. The trial court realized that the assessment of attorney fees was improper, but did not believe it could simply delete the fees, apparently believing that a trial court does not have the option available to appellate courts of granting a new trial solely on punishment. *See* TEX. R. APP. P. 21.9. The trial court ultimately denied the motion for a new trial.

The Texas Court of Criminal Appeals has recognized a change in the law that now allows a trial court to grant a new trial solely on the issue of punishment. *State v. Davis*, 349 S.W.3d

4

535, 537 (Tex. Crim. App. 2011), *overruling State v. Hight*, 907 S.W.2d 845, 846–47 (Tex. Crim. App. 1995). As explained in *Hight*, the former version of Rule 21 referred to "new trial," but omitted any mention of a new trial on punishment. *Hight*, 907 S.W.2d at 846. Although Article 44.29(b) permitted a new trial on punishment to be granted, the trial court was not among the courts listed which could do so. *Id.*; *Bates v. State*, 889 S.W.2d 306, 310–11 (Tex. Crim. App. 1994).

The Texas Court of Criminal Appeals concluded in *State v. Davis*, 349 S.W.3d 535, 537 (Tex. Crim. App. 2011), that the 2007 amendments to Rule 21 of the Texas Rules of Appellate Procedure had the effect of allowing a trial court to grant a new trial solely on punishment. Accordingly, it appears that the trial court could have conducted a new punishment hearing in this case.

However, although often found in the judgment, an award of attorney fees is not characterized as a form of punishment. Like court costs and unlike fines, attorney fees are compensatory (although the amounts are determined by the court rather than by statute) and nonpunitive. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Attorney fees are reimbursement for the legal services provided by appointed counsel. *Id.* Moreover, a trial court may impose attorney fees "whether or not the defendant is convicted, and the directive to pay attorney's fees does not change the range of punishment assessed." *Id.*; *see Hill v. State*, No. 12-11-00292-CR, 2012 WL 2834168 (Tex. App.—Tyler July 11, 2012, no pet.) (mem. op.,

not designated for publication)[2]; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014).  This does not quite fit the definition of non-judicial correction of a mismatch between the actual activity at trial and a misstatement in the judgment that is traditionally necessary to authorize a nunc pro tunc judgment, but also does not exactly fit the definition of punishment error in the judgment requiring judicial determination to correct.  It seems closer to situations where a corrected judgment might be entered deleting the award, in the same way that a misspelled name or incorrectly cited statute is often corrected.  At best, application of a new trial analysis in this situation is questionable.

Accordingly, we will correct the judgment.  The State has acknowledged the award was error, and likewise requests that we modify the judgment to eliminate the order of reimbursement.

The judgment itemizes the costs, specifying that Champion pay attorney fees in the amount of $850.00.  Champion was found indigent before trial, and there is no indication of any change in that status.  The assessment of attorney fees is thus error.

We have addressed this precise type of error numerous times and have modified the judgment each time as required by law.  Court-appointed attorney fees cannot be assessed against an indigent person unless there is proof and a finding that he is no longer indigent.  *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *Mayer v State*, 399 S.W.3d 552, 556–57 (Tex. Crim. App. 2010).  In this case, there is no such evidence or finding.  Error is thus shown.  The proper remedy is not to reverse the conviction in such a case, but merely to modify

---

[2]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

the judgment and remove the fee award.  *Cates*, 402 S.W.3d at 252; *Martin v. State*, 405 S.W.3d 944, 947–48 (Tex. App.—Texarkana 2013, no pet.).

We modify the judgment of the trial court to delete the fees of Champion's court-appointed attorney.  As modified, the trial court's judgment is affirmed.

Bailey C. Moseley
Justice

Date Submitted:     October 7, 2014
Date Decided:       October 22, 2014

Do Not Publish