Tyrone TUCKER, Appellant

v.

The STATE of Texas, Appellee.

No. 06–03–00086–CR.

Court of Appeals of Texas,
Texarkana.

Submitted April 19, 2004.

Decided May 6, 2004.

Jeff Harrelson, Texarkana, for appellant.

Alwin A. Smith, Assistant District Attorney, Texarkana, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Tyrone Tucker appeals his conviction based on his guilty plea for possession of a controlled substance, namely cocaine. The punishment range was enhanced by two prior felony convictions from Missouri. A jury assessed punishment at eight years' imprisonment and a $10,000.00 fine. Tucker appeals alleging that (1) the trial court erred by denying his motion to quash the enhancement paragraph of the indictment, and (2) the trial court erred by denying his motion to declare the enhancement statute unconstitutional. Because Tucker failed to show the statute is unconstitutional as applied to him, we affirm the judgment of the trial court.

*Facts*

On or about March 23, 2002, Tucker had a one-car accident and was arrested for driving while intoxicated. During the subsequent investigation, the police discovered that Tucker was in possession of 0.17 grams of crack cocaine. On January 9, 2003, the grand jury indicted Tucker for possession of cocaine. The indictment alleged two prior felony convictions from Missouri. Before trial, Tucker filed a mo-

tion to quash the enhancement paragraph and to declare Section 12.42(a)(1) and (2) of the Texas Penal Code unconstitutional. *See* Tex. Pen.Code Ann. § 12.42(a)(1), (2) (Vernon Supp.2004). Before the trial began, the trial court denied the motion to quash. Tucker pled guilty to the possession of a controlled substance charge and chose to have a jury assess punishment.

The indictment charged Tucker with possession of cocaine in an amount of less than one gram, which is a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.102 (Vernon Supp.2004), § 481.115 (Vernon 2003). Since Tucker had two prior felony convictions, the punishment was enhanced under Section 12.42(a)(2) to a second degree felony. *See* Tex. Pen.Code Ann. § 12.42(a)(2). Due to the enhancement, Tucker was subject to not more than twenty years' or less than two years' imprisonment. *See* Tex. Pen.Code Ann. § 12.33 (Vernon 2003). Following the jury trial concerning punishment, the trial court sentenced Tucker to eight years' imprisonment and a $10,000.00 fine, consistent with the jury's assessment.

*Motion to Quash Indictment*

In his first point of error, Tucker argues he received disparate treatment because his convictions were from another state, rather than from Texas. Under Section 12.41, a conviction "not obtained from a prosecution under this code" which involves "imprisonment in a penitentiary" shall be classified as a felony of the third degree. Tex. Pen.Code Ann. § 12.41 (Vernon 2003). Tucker alleges that the statute imposes an enhancement scheme that creates a "class" consisting of individuals whose prior convictions from outside the State of Texas make them subject to greater enhancements than if the prior crimes had been committed in Texas. Tucker argues that the statute violates the Equal Protection Clause and the Due Pro-

cess Clause. In his motion to the trial court, Tucker argued that the statute was unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Texas Constitution. *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, §§ 13, 19. Tucker's argument is essentially an Equal Protection Clause argument based on discrimination due to alienage.

Tucker's prior convictions occurred under Missouri law for "burglary in the second degree," which provides that a "person commits the crime of burglary in the second degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo.Rev.Stat. § 569.170 (West 2003). Although Missouri does not distinguish between "burglary of a habitation" and "burglary of a building," the Texas Penal Code does. *Compare* Tex. Pen.Code Ann. § 30.02 (Vernon 2003) *with* Mo.Rev.Stat. § 569.160 (West 2004), § 569.170. Tucker argues that, because his prior offenses could have been for "burglary of a building," which under current Texas law would be a state jail felony, he is subject to more severe punishment than if the crimes had been committed in Texas. The record contains no evidence of whether the prior convictions involved burglary of a habitation or burglary of a building. If the prior convictions had only been state jail felonies, Tucker's sentence would have only been enhanced to a third degree felony, rather than a second degree felony. *See Campbell v. State*, 49 S.W.3d 874, 878 (Tex.Crim.App.2001). Tucker argues that, because his prior convictions are from a foreign state, the punishment is harsher than if the prior convictions had been in Texas.

In order to challenge the constitutionality of a statute, a defendant must

show that the statute is being unconstitutionally applied to him or her. *Cantu v. State*, 939 S.W.2d 627, 643 (Tex.Crim.App. 1997). Tucker's prior convictions for burglary occurred January 24, 1992, and March 23, 1988. State jail felonies did not exist in Texas until September 1, 1994. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3603. At the time of Tucker's convictions, the Texas Penal Code classified burglary of a building as a felony of a second degree and burglary of a habitation as a felony of the first degree. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 926–27, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3633. Therefore, if the burglaries had been committed in Texas in 1988 and 1992, they would have been either a first or second degree felony. In either instance, Tucker would have been subject to the same enhancement under Section 12.42(a)(2). Tucker received identical treatment as someone who had committed similar offenses in Texas at the same time, even assuming he only committed "burglary of a building." Further, the record does not indicate whether Tucker's prior convictions involved "burglary of a building" rather than "burglary of a habitation." Tucker has failed to show that the statute is being unconstitutionally applied to him.

The two prior felonies for burglary from Missouri were properly treated as felonies under Section 12.41. *See* TEX. PEN.CODE ANN. § 12.41; *Ex parte Blume*, 618 S.W.2d 373, 376 (Tex.Crim.App.1981); *Dotson v. State*, 28 S.W.3d 53, 57 (Tex.App.-Texarkana 2000, pet. ref'd). In *Dotson*, this Court adopted the reasoning of the Houston Court of Appeals that it was appropriate to determine whether the crime involved was a felony based on the intent of the legislature of the sister state to make the crime a felony even though the same

conduct may not have been a felony in Texas. *Dotson*, 28 S.W.3d at 57; *see Cain v. State*, 721 S.W.2d 493 (Tex.App.-Houston [1st Dist.] 1986, no pet.). Burglary in the second degree in Missouri is classified as a Class C felony. *See* MO.REV.STAT. § 569.170. Further, the punishment for a class C felony in Missouri is a maximum of seven years' imprisonment, which is within the range of a Texas third degree felony. *Compare* TEX. PEN.CODE ANN. § 12.34 (Vernon 2003) *with* MO.REV.STAT. § 558.011 (West 2004). Since Missouri clearly intended the conviction to be a felony, its treatment as a felony for enhancement was proper under Texas law. We deny Tucker's first point of error.

*Unconstitutionality of Section 12.42*

Tucker's second point of error is that the trial court erred in failing to find Texas Penal Code Section 12.42(a)(1) and (2) to be unconstitutional. Tucker argues that this issue concerns not only his situation, but those that belong to a class of citizens similarly situated. As discussed above, since the prior Missouri convictions did not result in harsher punishment to Tucker than if they had occurred in Texas, he does not belong to a class of persons whose prior foreign convictions subjected them to greater punishment. We are prohibited from issuing advisory opinions, the distinctive feature of which is that it decides an abstract question of law without binding the parties. TEX. CONST. art. II, § 1; *Perez v. State*, 938 S.W.2d 761, 764 (Tex.App.-Austin 1997, pet. ref'd). Because Tucker's second point would require us to render an advisory opinion, we will not address it.

We affirm the judgment of the trial court.