

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00152-CR

DAVID DUANE BRYANT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29164

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

A Lamar County jury convicted David Duane Bryant of possession of less than one gram of methamphetamine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.). To enhance Bryant's punishment, the State alleged that Bryant was a habitual offender as a result of prior felony convictions in Arizona and Nevada. After finding the State's allegations true, the jury assessed a punishment of twenty years' imprisonment. On appeal, Bryant argues that the State was prohibited from using out-of-state convictions to enhance his punishment. Because we find that Section 12.41 of the Texas Penal Code expressly provided for the State's use of foreign judgments to enhance Bryant's punishment, we affirm the trial court's judgment.

The provisions for exceptional sentences are found within Chapter 12, subchapter D, of the Texas Penal Code. Bryant's arguments on appeal mistakenly rely on Section 12.42, which deals with exceptional sentences for those on trial for first-, second-, or third-degree felonies. *See* TEX. PENAL CODE ANN. § 12.42. With respect to first-degree felonies, Section 12.42 contains provisions for mandatory life sentences, capital punishments, and punishment for life without parole on showing that a defendant previously committed certain specific offenses under Texas law or "under the laws of another state that . . . contain[] elements that are substantially similar to the elements of" the specifically listed Texas offenses. TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v), (c)(3)(B), (c)(4)(B). Because Bryant was on trial for a state jail felony, Section 12.42 does not apply.

2

Instead, this case is governed by Section 12.425 of the Texas Penal Code, which provides that a state jail felony is punishable as a second-degree felony on showing "that the defendant has previously been finally convicted of two felonies other than a state jail felony." TEX. PENAL CODE ANN. § 12.425(b). Because this section contains no provision like the ones in Section 12.42(c) discussing foreign judgments, Bryant argues that Section 12.425 "does not expressly allow for the use of out-of-state felony convictions" for enhancement purposes. However, because Section 12.41, which is not cited or mentioned in Bryant's brief, expressly allows for the State to use foreign judgments to enhance state jail felonies, we overrule this complaint.

"It has long been held . . . that a conviction in a court of a sister state may be used to enhance punishment in felony cases if the crime constituted a felony in Texas." *Acosta v. State*, 650 S.W.2d 827, 829 (Tex. Crim. App. 1983). Section 12.41, titled "Classification of Offenses Outside This Code," states that, for the purposes of this particular subchapter, "any conviction not obtained from a prosecution under this code shall be classified as . . . [a] 'felony of the third degree' if imprisonment in the Texas Department of Criminal Justice or another penitentiary is affixed to the offense as a possible punishment."[1] TEX. PENAL CODE ANN. § 12.41(1). Section 12.41 applies to out-of-state convictions used for punishment enhancement. *See Biggers v. State*, 634 S.W.3d 244, 251 (Tex. App.—Texarkana 2021, pet. ref'd); *Tucker v. State*, 136 S.W.3d 699, 701 (Tex. App.—Texarkana 2004, no pet.). As a result, when it is clear on the face of a foreign judgment that an appellant was incarcerated in a penitentiary for a conviction in that state, the

---

[1]If a sentence of imprisonment is not imposed in a foreign conviction, and the judgment instead imposes "confinement in a jail . . . as a possible punishment," the foreign judgment is not classified as a felony. TEX. PENAL CODE ANN. § 12.41(2).

3

foreign conviction is for a third-degree felony under Section 12.41, and the evidence is sufficient for enhancement purposes. *See Biggers*, 634 S.W.3d at 251; *Tucker*, 136 S.W.3d at 701; *Golden v. State*, 874 S.W.2d 366, 368 (Tex. App.—Beaumont 1994, pet. ref'd) (citing *Davis v. State*, 645 S.W.2d 288, 292 (Tex. Crim. App. 1983); *Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981)).

In its habitual-offender allegations, the State alleged that Bryant was convicted in Arizona of felony unlawful use of means of transportation on May 26, 2000, and that he was convicted in Nevada for felony possession of a stolen motor vehicle on August 25, 2006.[2] Judgments of conviction for the foreign offenses were introduced during punishment. The Arizona judgment demonstrated that unlawful use of means of transportation was classified as a felony for which Bryant was "sentenced to a term of imprisonment and [was] committed to the Arizona Department of Corrections" for three years. Bryant pled true to this prior felony offense at punishment. The Nevada judgment also showed that the offense of possession of a stolen motor vehicle was a felony and that Bryant was "punished by imprisonment in the Nevada State Prison for the minimum term of twenty-four (24) months to a maximum term of sixty (60) months." Because both the Arizona and Nevada judgments assessed sentences of imprisonment, they were properly treated as third-degree felonies under Section 12.41 and were available to

---

[2]It is undisputed that these convictions were final.

enhance Bryant's punishment.[3]  *See* Tex. Penal Code Ann. § 12.41(1); *Biggers*, 634 S.W.3d at 251–52; *Tucker*, 136 S.W.3d at 701.

Even so, Bryant argues that those convictions were not for offenses that are substantially similar to any Texas felony offense.  This argument again relies on Section 12.42's provisions requiring that prior convictions be for certain, more serious, offenses before imposition of heavy punishments of mandatory life sentence, capital punishment, and punishment for life without parole.  Since those punishments are not available for enhanced state jail felonies, nothing shows that the State was required to demonstrate that the foreign judgments were substantially similar to specific offenses in the Texas Penal Code.  Instead, under Section 12.41, the only "relevant inquiry is whether another state chose to classify the offense as a felony."  *See Williams v. State*, 356 S.W.3d 508, 517 (Tex. App.—Texarkana 2011, pet. ref'd).  We have already determined that the Arizona and Nevada judgments specified that Bryant's prior offenses were felonies carrying sentences of imprisonment.  As a result, we overrule Bryant's remaining arguments.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     May 25, 2022
Date Decided:       June 8, 2022

Do Not Publish

---

[3]Bryant does not challenge the evidence supporting the foreign judgments.  Rather, he argues that, because the State was not permitted to use them, there was insufficient evidence to support the enhancement allegation findings.  As a result of our analysis, we overrule this complaint.