

## NUMBER 13-22-00558-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

GERALD CASTRO,                                                          Appellee.

### On appeal from the 445th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant the State of Texas filed a notice of appeal from trial court cause number

2022-DHC-05206 in the 445th District Court of Cameron County, Texas. Appellant sought

to appeal a November 15, 2022 order granting a petition for writ of habeas corpus and

vacating an emergency protective order issued in municipal court.[1] Appellant further filed

---

[1] The State of Texas filed a separate petition for writ of mandamus assailing the same order that

a motion for stay of the proceedings pending resolution of its appeal. By previous order, this Court requested appellee Gerald Castro to file a response to the motion to stay, granted the State's motion for emergency stay pending receipt and review of Castro's response, and ordered the trial court's November 15, 2022 judgment stayed.

"We are prohibited from issuing advisory opinions, the distinctive feature of which is that it decides an abstract question of law without binding the parties." *Tucker v. State*, 136 S.W.3d 699, 701 (Tex. App.—Texarkana 2004, no pet.); *see* TEX. CONST. art. II, § 1; *Perez v. State*, 938 S.W.2d 761, 764 (Tex. App.–Austin 1997, pet. ref'd). A case is moot when there is no justiciable controversy between the parties or when the parties lack a legally recognizable interest in the outcome. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018).

Here, the magistrate's emergency protective order was issued on October 6, 2022, showed an effective duration of sixty-one days, and expired by its own terms on December 6, 2022. "Ordinarily, the expiration of an order granting injunctive or protective relief renders the issue moot." *In re Sierra Club*, 420 S.W.3d 153, 156 (Tex. App.—El Paso 2012, orig. proceeding); *see In re L.A.-K.*, 596 S.W.3d 387, 396 (Tex. App.—El Paso 2020, no pet.). Nevertheless, "Texas courts have routinely applied the collateral consequences exception to an expired protective order issued for family violence because of the stigma and attendant legal consequences to being the subject of such a

---

is subject to appeal here—that is—the November 15, 2022 order granting habeas corpus relief and vacating the emergency protective order. We dispose of that original proceeding by separate memorandum opinion issued this same date. *See In re The State of Texas*, No. 13-22-00564-CR, 2023 WL _____, at *_ (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2023, orig. proceeding) (mem. op., not designated for publication).

protective order." *Burt v. Francis*, 528 S.W.3d 549, 552 (Tex. App.—Eastland 2016, no pet.) (collecting cases). However, here, the magistrate's emergency protective order was vacated on November 15, 2022, prior to its expiration on December 6, 2022, and the party contesting the November 15, 2022 order is not the subject of the emergency protective order. Because the State is not the subject of the emergency protective order, it cannot complain about the stigma or legal consequences resulting from the emergency protective order. *See id.* In this case, the emergency protective order has expired, and we see no exceptions to the mootness doctrine which might apply. *See Truong v. State*, 580 S.W.3d 203, 208–09 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (discussing the exceptions to the mootness doctrine).

The Court, having examined and fully considered the notice of appeal, the State's motion and Castro's response, and the applicable law, is of the opinion that this appeal has been rendered moot. Accordingly, we lift the stay previously imposed in this case and we dismiss this appeal as moot.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
9th day of February, 2023.

3