

## NUMBER 13-22-00564-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

### IN RE THE STATE OF TEXAS EX REL. LUIS V. SAENZ

---

### On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

Relator the State of Texas ex rel. Luis V. Saenz has filed a petition for writ of

mandamus contending that the district court lacked jurisdiction to vacate a magistrate's

emergency protective order that was issued in municipal court.[2] As explained below, we

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] The State of Texas filed a separate notice of appeal assailing the same order that is subject to mandamus review in this original proceeding—that is—the November 15, 2022 order granting habeas corpus relief and vacating the emergency protective order. We dispose of that appeal by separate memorandum opinion issued this same date. *See The State of Texas v. Gerald Castro*, No. 13-22-00564-CR, 2023 WL _____, at *_ (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2023, no pet. h.) (mem. op., not designated for publication).

conclude that this original proceeding has been rendered moot by the expiration of the magistrate's order, and we thus dismiss this original proceeding as moot.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). As to the first requirement, mandamus will issue if the trial court issues an order for which it lacks authority. *See In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding). With regard to the second requirement, "[e]ven when a legal remedy is available, it can be 'so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate.'" *In re Smith*, No. WR-93,354-02, 2022 WL 17480102, at *2 (Tex. Crim. App. Dec. 7, 2022) (orig. proceeding) (quoting *In re State ex rel. Wice v. Fifth Jud. Dist. Ct. of Apps.*, 581 S.W.3d 189, 194 (Tex. Crim. App. 2018) (orig. proceeding)). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding).

"We are prohibited from issuing advisory opinions, the distinctive feature of which

2

is that it decides an abstract question of law without binding the parties." *Tucker v. State*, 136 S.W.3d 699, 701 (Tex. App.—Texarkana 2004, no pet.); *see* TEX. CONST. art. II, § 1; *Perez v. State*, 938 S.W.2d 761, 764 (Tex. App.–Austin 1997, pet. ref'd). A case is moot when there is no justiciable controversy between the parties or when the parties lack a legally recognizable interest in the outcome. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). When there is "nothing to mandamus," as when a case becomes moot, then "mandamus does not lie." *In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (quoting *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding)); *see In re Evans*, 581 S.W.3d 431, 434 (Tex. App.—Texarkana 2019, orig. proceeding).

Here, the magistrate's emergency protective order was issued on October 6, 2022, showed an effective duration of sixty-one days, and expired by its own terms on December 6, 2022. "Ordinarily, the expiration of an order granting injunctive or protective relief renders the issue moot." *In re Sierra Club*, 420 S.W.3d 153, 156 (Tex. App.—El Paso 2012, orig. proceeding); *see In re L.A.-K.*, 596 S.W.3d 387, 396 (Tex. App.—El Paso 2020, no pet.). Nevertheless, "Texas courts have routinely applied the collateral consequences exception to an expired protective order issued for family violence because of the stigma and attendant legal consequences to being the subject of such a protective order." *Burt v. Francis*, 528 S.W.3d 549, 552 (Tex. App.—Eastland 2016, no pet.) (collecting cases). However, here, the magistrate's emergency protective order was vacated on November 15, 2022, prior to its expiration on December 6, 2022, and the party contesting the November 15, 2022 order is not the subject of the emergency protective

order. Because the State is not the subject of the emergency protective order, it cannot complain about the stigma or legal consequences resulting from the emergency protective order. *See id.* In this case, the emergency protective order has expired, and we see no exceptions to the mootness doctrine which might apply. *See Truong v. State*, 580 S.W.3d 203, 208–09 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (discussing the exceptions to the mootness doctrine).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest, Gerald Castro, and the applicable law, is of the opinion that this original proceeding has been rendered moot. Accordingly, we dismiss the petition for writ of mandamus as moot.

JAIME TIJERINA
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
9th day of February, 2023.

4