

# NUMBER 13-23-00173-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## EX PARTE TYRONE AMOS

---

**On appeal from the 93rd District Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña
Memorandum Opinion by Justice Peña**

Appellant appeals the trial court's order denying his application for pretrial writ of habeas corpus. The State has filed a motion to dismiss the appeal as moot. Appellant has filed a response stating that he agrees that the appeal is moot. We dismiss the appeal for want of jurisdiction.

Appellant was indicted for one count of intoxication manslaughter and two counts of intoxication assault. *See* TEX. PENAL CODE ANN. §§ 49.07, 49.08. Appellant later filed

an application for pretrial writ of habeas corpus arguing he was entitled to be released on personal bond or have his bail reduced because the State was not ready for trial within ninety days of his detention. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151. The trial court subsequently signed an order releasing appellant on a personal recognizance bond and ordered the conditions of his bond to include an alternative incarceration program and a remote alcohol monitoring device.

A case is moot when there is no justiciable controversy between the parties or when the parties lack a legally recognizable interest in the outcome. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). "We are prohibited from issuing advisory opinions, the distinctive feature of which is that it decides an abstract question of law without binding the parties." *Tucker v. State*, 136 S.W.3d 699, 701 (Tex. App.—Texarkana 2004, no pet.); *see* TEX. CONST. art. II, § 1; *Perez v. State*, 938 S.W.2d 761, 764 (Tex. App.–Austin 1997, pet. ref'd). Accordingly, if a case becomes moot, we must dismiss the case for want of jurisdiction. *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). Because appellant has been granted all the relief he seeks in his application for pretrial writ of habeas corpus, there is no longer a justiciable controversy in the present appeal, and we lack subject matter jurisdiction. *See id.*

The Court, having examined and fully considered the State's motion, appellant's response, and the applicable law, is of the opinion that this appeal has been rendered moot. Accordingly, we grant the State's motion to dismiss, and we dismiss the appeal for want of jurisdiction. We further dismiss appellant's motion for immediate release on pretrial writ of habeas corpus as moot.

L. ARON PEÑA JR.
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed on the
4th day of January, 2024.