

# NUMBER 13-25-00441-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KERRY L. BURKE,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Kerry L. Burke, proceeding pro se, filed a notice of appeal from trial court cause number S-25-3291CR in the 36th District Court of San Patricio County, Texas. On September 10, 2025, the Clerk of the Court notified appellant that it appeared that there was no appealable order, and requested correction of this defect, if possible, within thirty days. Subsequently, however, the District Clerk of San Patricio County provided this

Court with a copy of the State's "Motion for Dismissal" of the underlying case and the trial court's "Order of Dismissal" signed on September 9, 2025.

"A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties." *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) (per curiam); *see Palacio v. State*, 685 S.W.3d 160, 162 (Tex. App.—Waco 2023, no pet.); *Truong v. State*, 580 S.W.3d 203, 207 (Tex. App.—Houston [1st Dist.] 2019, no pet.). "A case that is moot is normally not justiciable." *Pharris v. State*, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005); *see In re State*, 659 S.W.3d 1, 9 (Tex. App.—El Paso 2020, orig. proceeding) (stating that "an actual controversy must exist between the parties at every stage of the legal proceedings, including the appeal"); *Glover v. State*, 406 S.W.3d 343, 350 (Tex. App.—Amarillo 2013, pet. ref'd) ("In order to address an issue on appeal, an appellate court must be presented with a justiciable controversy."); *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd) ("When there has ceased to be a controversy between the litigating parties which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal."); *State v. Curl*, 28 S.W.3d 838, 841 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.) ("The courts of appeals are without jurisdiction to entertain an appeal wherein all the issues sought to be resolved by the court are moot."). "Courts do not have authority to provide advisory opinions, or to decide cases on hypothetical or contingent facts." *In re State*, 659 S.W.3d at 9; *see Tucker v. State*, 136 S.W.3d 699, 701 (Tex. App.—Texarkana 2004, no pet.).

2

Here, the trial court has dismissed the case giving rise to this appeal. We conclude that the appeal fails to present any justiciable controversy and has been rendered moot by the dismissal. See *Jack*, 149 S.W.3d at 123 n.10; *Palacio*, 685 S.W.3d at 162; *Truong*, 580 S.W.3d at 207; *Glover*, 406 S.W.3d at 350. Accordingly, we withdraw our directive to appellant to correct the defect in the notice of appeal, and we dismiss this appeal as moot.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of September, 2025.